JOSEPH RADOCY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radocy v. Commissioner
Docket No. 9186-75.
United States Tax Court
T.C. Memo 1977-282; 1977 Tax Ct. Memo LEXIS 155; 36 T.C.M. (CCH) 1129; T.C.M. (RIA) 770282; August 23, 1977, Filed *155 Petitioner incurred no additional expense in transporting his tools to work. Held, petitioner's commuting expenses are therefore not deductible. Joseph Radocy, pro se. Lowell F. Raeder, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $696.02 in petitioner's 1973 income tax. The sole issue is whether petitioner may deduct, under section 162(a), [1] any part of his commuting expenses because he transported tools to his job. *156 FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Joseph Radocy lived in Brooklawn, New Jersey, when he timely filed his 1973 income tax return and when he filed his petition in this case. Since 1970, petitioner, an electrician, has worked on the construction of a nuclear power plant at Artificial Island near Salem, New Jersey. Since his work required him to own his tools, petitioner transported two heavy boxes of tools, foul weather gear, and rubber boots in the trunk of his 1972 Volkswagen station wagon to work each day. The trunk was located in the front of petitioner's car. Petitioner's car had room for at least one other fellow employee and his tools. Bus service to Artificial Island was impracticable because the nearest bus stop was a mile from petitioner's house and the service ended ten miles from Artificial Island. Petitioner was not acquainted either with bus schedules or cost. Petitioner worked from 8 a.m. to 4:30 p.m., with occasional overtime. His employer imposed pay penalties for lateness and, if petitioner was late four times within ten days, he could be fired. Petitioner claimed a $1,899.90 deduction on his 1973 income *157 tax return for automobile expenses incurred in traveling to Artificial Island. Respondent disallowed the deduction on the ground that it was a personal expense under section 262. OPINION Petitioner contends that he incurred additional commuting expenses in 1973 because he was required to transport his tools. He argues that he would either have participated in a car pool or utilized a bus service but for the necessity of carrying his tools. Respondent contends that petitioner would have driven to work in any event and therefore he incurred only nondeductible commuting expenses. The expense of traveling between home and business is a nondeductible personal expense. Sec. 262; . But a taxpayer may deduct any additional expenses he incurs in transporting job-related tools if he can show that the additional expenses were incurred because he was required to carry the tools. ; . If the taxpayer would have driven to work regardless of whether he was required to carry tools, he has incurred no *158 additional deductible expense. . Based upon a careful consideration of the entire record, we believe petitioner would have driven his car to work regardless of whether he was required to carry tools. [2] Petitioner testified that he discussed forming a car pool with fellow employees but that they concluded it was impracticable because each was required to transport a substantial amount of tools. On cross examination, however, petitioner admitted that he had room in his Volkswagen for at least one other employee and accompanying set of tools, yet the record reflects that he never had any additional passengers in 1973. We cannot find that he would have used a car pool but for the necessity of carrying his tools when he voluntarily refused to accept other paying riders. In addition, we find the bus service was not a realistic means of transportation for petitioner. *159 He lived a mile from the Salem bus service which, if used, would leave him ten miles from Artificial Island. He would then have to daily arrange nonpublic transportation for the remaining ten miles. We simply are not convinced that petitioner would have used such an awkward, unreliable and unpredictable means of transportation to a job which imposed severe sanctions on tardiness. Our conclusion is supported by petitioner's vague testimony concerning the specific details of the bus service. Petitioner was unaware of the schedules or cost of the service. In addition, he offered no precise testimony concerning whom he might have been able to ride with between Salem and Artificial Island.
Accordingly, we conclude that petitioner has failed to prove that he incurred any additional commuting expenses because he was required to transport tools. . To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. For decisions reaching the same result as to other taxpayers working at the same Artificial Island construction site, see , and .↩